USCA1 Opinion

 

 [NOT FOR PUBLICATION]  United States Court of Appeals For the First Circuit ____________________ No. 96-1261 UNITED STATES OF AMERICA, Appellee, v. QUINCY D. JOHNSON, A/K/A QUINCY D. HAMEL, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Cyr, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Theodore L. Craft, by Appointment of the Court, and Quincy _________________ ______ D. Johnson, on brief pro se. __________ Helen Kazanjian, Assistant U.S. Attorney, and Jay P. ________________ _______ McCloskey, United States Attorney, on brief for appellee. _________ ____________________ March 18, 1997 ___________________ Per Curiam. In this appeal from a conviction for conspiring __________ to possess with intent to distribute cocaine base and possession with intent to distribute, we have both a brief from counsel on appeal and a pro se brief from appellant. We have carefully considered them, as well as the record, and deem this a case where, regardless of the strength of defendant's arguments below, there remain no issues worthy of extensive consideration on appeal. We accordingly, without rehearsing the facts, which are well known to the parties, proceed briefly to deal with the arguments of appellant and his counsel. The first challenge is to the sufficiency of the evidence. The government, inexplicably, asserts in its brief (p. 18) that, after the government finally rested, the defense did not renew its motion for judgment of acquittal. And appellant himself (p. 13) has made the same assertion. But our reading of the record indicates that, after the government rested, the court said: I will treat the defendant as having renewed his motion at the close of the entire case, and the same ruling applies, that the motion for acquittal on each of Counts One and Two are denied. There is sufficient evidence to go to the jury. (Transcript p. 449). It also appears that after this statement there was no new evidence submitted. The only evidentiary discussion concerned the mechanics of redacting a record, which was to be done while the jury was being instructed. Therefore, we review for error, not "plain error." But we find no error. -2- Pullum, the major prosecution witness, was fair game for impeachment at trial, but the jury having found his testimony credible, it satisfies the sufficiency requirement under both counts. Moreover, Pullum's testimony was corroborated by two other witnesses, and the finding of a substantial amount of cocaine base and paraphernalia used in drug packaging in places and equipment associated with appellant. A generalized challenge was made to interruptions made by the prosecution to defendant's closing argument. But no specific interruptions have been identified by appellant. Nor were any objections made. And from the government's references to the interruptions in its brief, we see no possible prejudice, let alone plain error. Another issue, again to be judged on a "plain error" basis, is that the court failed to give, in haec verba, an instruction to treat an accomplice's testimony "with great care and caution." But instructions were given, spotlighting the vulnerabilities of witnesses Pullum and Motil. There was no plain error. See United ___ ______ States v. Newton, 891 F.2d 944, 949-50 (1st Cir. 1989). ______ ______ Two defects were alleged in the sentencing process. The first, an alleged failure to discount the weight of cocaine base previously purchased, was a matter clearly within the court's discretion. It committed no clear error in observing that different sources were involved and that the discount applied to the seized drugs should not be extended to those previously purchased. A variation of this issue, in which it was argued -3- that only the seized drugs should be considered, made for the first time on appeal, is not before us. As for the argument that the court improperly refused to assign a minor role to appellant, we see no clear error. This was clearly a judgment call for the district court, with sufficient supporting evidence. The final issue, made by appellant, pro se, is that appellant's counsel, both below and on appeal, gave ineffective assistance. We do not ordinarily hear ineffective assistance of counsel claims on direct appeal and have no reason to deviate from this rule here. None of the allegations relating to the trial are before us, for lack of a developed record and "extraordinary circumstances." See United States v. Diaz- ___ ______________ _____ Martinez, 71 F.3d 946, 953 (1st Cir. 1995).  ________ As for appellant's pro se challenge to his counsel's effectiveness on appeal, we merely note that the only issue which counsel chose not to brief was that of the effectiveness of assistance at trial, which, as we have just explained, is not properly before us on direct appeal. Affirmed. ________ -4-